UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Sawsan Abi Saaba, *on behalf of herself and others
similarly situated in the proposed FLSA
Collective Action,*

                                        *Plaintiff,*

            - against -

Deshi Senior Center, LLC, and Misbah Abdeen,

                                        *Defendants*.
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Sawsan Abi Saaba ("Plaintiff" or "Di Michele"), on behalf of herself and others

similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C.,

upon personal knowledge as to herself and upon information and belief as to others, brings this

complaint against Defendant Deshi Senior Center, LLC (the "Corporate Defendant") and Misbah

Abdeen (the "Individual Defendant", and together with the Corporate Defendant, the

"Defendants"), and states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

2.      Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum

wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and

attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention

Act ("WTPA").

1

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.     This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF SAWSAN ABI SAABA

6.     Plaintiff Di Michele was employed as a general worker at Defendants' nursing home known as "Deshi Senior Center" from on or around November 2020 to, through and including, January 24, 2023.

7.     Plaintiff Di Michele was employed as a non-managerial employee at Deshi Senior Center from on or around November 2020 to, through and including, January 24, 2023.

8.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT DESHI SENIOR CENTER, LLC

9.     Upon information and belief, Defendant Deshi Senior Center, LLC is a domestic limited liability company organized and existing under the laws of the State of New Nory. Upon information and belief, it maintains a principal place of business at 83-10 Rockaway Blvd., Queens, NY 11416.

10.     At all times relevant to this Complaint, Defendant Deshi Senior Center, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11.     At all times relevant to this Complaint, Defendant Deshi Senior Center, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12.     At all times relevant to this Complaint, Defendant Deshi Senior Center, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

13.     Defendant Deshi Senior Center, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

14.     Defendant Deshi Senior Center, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT MISBAH ABDEEN**

15.     Defendant Misbah Abdeen is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

16.     Defendant Misbah Abdeen is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

3

17.     Defendant Misbah Abdeen possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18.     Defendant Misbah Abdeen determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19.     At all times relevant to this Complaint, Defendant Misbah Abdeen was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20.      Defendants own, operate and/or control the Deshi Senior Center.

21.     The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

22.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

4

25.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

26.     Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.     defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating the Corporate Defendant for his own benefit as the majority shareholder;

e.     operating the Corporate Defendant for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

f.     intermingling assets and debts of their own with the Corporate Defendant;

g.     diminishing and/or transferring assets of the Corporate Defendant to protect his own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

28.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

29.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

30.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

31.     Plaintiff was an employee of Defendants.

32.     Plaintiff was employed as a general worker at Deshi Senior Center, from on or around November 2020 to, through and including, January 24, 2023.

33.     Plaintiff's work duties required neither discretion nor independent judgment.

34.     From approximately June 2020 to, through and including, January 24, 2023 Plaintiff worked six (6) days per week: from approximately 9:00 a.m. to 5:00 p.m. (*i.e.,* 8 hours per day), for a total period of approximately 48 hours during each of the weeks, respectively.

35.     From approximately June 2020 to, through and including, June 2021 Defendants paid Plaintiff $15 per hour.

36.     From approximately July 2021 to, through and including, June 24, 2022 Defendants paid Plaintiff $20 per hour.

37.     Plaintiff was not paid *any wages* from approximately June 25, 2022 to, through and including, January 24, 2023 (*i.e.,* approximately the last six (6) months of her employment).

38.     Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times her regular rate of pay for those hours.

39.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

40.     No notification, either in the form of posted notices, or other means, was ever given

6

to Plaintiff regarding wages are required under the FLSA or NYLL.

41.    Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

42.    Defendants did not give any notice to Plaintiff of Plaintiff's rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

43.    Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff her statutory right to receive true and accurate information about the nature of her employment and related compensation policies.

44.    Moreover, the breach of the obligations injured Plaintiff by denying her the right to know the conditions of her compensation and resulted in the underpayment of wages averred above.

45.    At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.    Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to salespersons and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

47.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally

required wages for all hours worked. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

48.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

49.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

50.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

51.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

52.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

53.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

54.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

56.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

57.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

58.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

59.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

60.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

61.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

62.     Defendants have failed to make a good faith effort to comply with the NYLL with

respect to compensation of Plaintiff.

63. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

64. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

65. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

66. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

67. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

68. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

69. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

70.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

72.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

73.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

**SIXTH CLAIM**
**(Violation of the Wage Statement Provisions of the NYLL)**

74.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

75.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

76.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.     authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.     certification of this case as a collective action pursuant to the FLSA;

c.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.     declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.     awarding Plaintiff unpaid minimum wages;

h.     awarding Plaintiff unpaid overtime wages;

i.      awarding unpaid wages under New York State law for breach of contract;

j.      awarding Plaintiff liquidated damages in an amount equal to the total amount of
        wages found to be due;

k.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish
        accurate wage notice pursuant to the NYLL;

l.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of
        this action; and

n.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 5, 2023                            Respectfully submitted,


                                        By:  /s/ Joshua Levin-Epstein
                                             Joshua Levin-Epstein
                                             Jason Mizrahi
                                             Levin-Epstein & Associates, P.C.
                                             60 East 42nd Street, Suite 4700
                                             New York, New York 10165
                                             Tel: (212) 792-0046
                                             Email: Joshua@levinepstein.com
                                             *Attorneys for the Plaintiff and proposed FLSA
                                             Collection Action Plaintiffs*