```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  SAWSAN ABI SAABA, on behalf of herself   :
  and others similarly situated in the proposed :
  FLSA Collective Action,                  :
                                           :
                              Plaintiff,   :   **MEMORANDUM DECISION AND**
                                           :   **ORDER**
                - against -                :
                                           :   23-cv-1685 (BMC)
                                           :
  DESHI SENIOR CENTER, LLC, and            :
  MISBAH ABDEEN,                           :
                                           :
                              Defendants.  :
                                           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff has moved for a default judgment against the corporate defendant and its individual owner/manager for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding provisions of the New York Labor Law. Plaintiff alleges that defendants failed to pay him minimum wage and overtime and failed to provide him with wage statements and wage notices required by state law. For the following reasons, the motion is granted in part and denied in part.

The record reflects that both defendants were properly served but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds both defendants in default.

When a defendant defaults, the court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the court also must determine whether

the allegations in the complaint establish the defendants' liability as a matter of law. Id.  Here, those requirements are met.

The well-pleaded allegations in the complaint meet the jurisdictional prerequisites of the FLSA.  See 29 U.S.C. §§ 206(a), 207(a)(1); see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA. See 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); Guerrero, 2021 WL 4155124, at *2, and that plaintiff has adequately pled individual liability.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The court may determine that there is a sufficient evidentiary basis for the damages sought by plaintiff by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $21,805.70 against defendants, jointly and severally, for minimum wages and overtime violations of the FLSA.  In support of this request, plaintiff has submitted a sworn statement with his estimates of the days of the week and hours that he worked.  The Court finds that this proof is sufficient to establish damages to a reasonable certainty and no further hearing is required.  He is also entitled to an

equal amount of liquidated damages since defendants' failure to appear is sufficient evidence of willfulness.

I reject plaintiff's claims for damages under the wage notice and wage statement provisions of NYLL § 195(1) and § 195(3).  These provisions provide for a statutory penalty for the failure to give proper notices, but the penalty bears no relation to any actual and concrete injury that plaintiff has suffered as a result of their violation, and, indeed, plaintiff alleges none. As this Court and others have held, the lack of an actual and concrete injury means that plaintiff lacks standing to pursue these claims in federal court.  See Deng v. Frequency Electronics, Inc., 21-cv-6081, 2022 WL 16923999 (E.D.N.Y. Nov. 14, 2022).

The Court also denies plaintiff prejudgment interest as the award of liquidated damages is more than sufficient to compensate him for the loss of the time value of money, and he has no claims under the NYLL damages beyond those provided by the FLSA.  See McFarlane v. Harry's Nurses Registry, No. 17-cv-6350, 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020).

Finally, plaintiff is entitled to reasonable attorneys' fees and costs under the FLSA.  See 29 U.S.C. § 216(b); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013). In determining a reasonable attorneys' fee award, both the Supreme Court and Second Circuit "have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted).  Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

Plaintiff seeks attorneys' fees of $12,115. However, in a prior motion for a default judgment in this case (which the Court denied because plaintiff's counsel had not submitted adequate proof of damages), he sought fees in the amount of $10,690. There is no explanation offered for this approximately 20% increase in fees except the time spent to prepare a second motion for a default judgment. He should not be paid for that as he should have gotten it right the first time. Attorneys' fees are therefore allowed in the amount of $10,690. This reflects a reasonable amount of time and plaintiff's requested hourly rates. The costs of $583.40 for the filing fee and service of process are also reasonable.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment against defendants, jointly and severally, in the amount of $54,884.80.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
   June 3, 2023